PROB 12C
(Rev. 03/15 WVN)

# United States District Court
## for the
## Northern District of West Virginia

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Cory Davonta Smith Jr.
Register No.: 66858-060

Case Number: 1:19CR28

Name of Sentencing Judicial Officer: Honorable Irene M. Keeley, Senior United States District Judge
Name of Current Judicial Officer: Honorable Thomas S. Kleeh, Chief United States District Judge

Date of Original Sentence: March 12, 2021

Original Offense: Aiding and Abetting Distribution of 50 Grams or More of Methamphetamine; 18 U.S.C. § 2, and 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(viii)

Original Sentence: 57 months incarceration, followed by 3 years of supervised release

Type of Supervision: Supervised Release      Date Supervision Commenced: January 27, 2023

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons
[ ] No action

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| 1. | Violation of Mandatory Condition No. 1: You must not commit another federal, state of local crime.<br><br>On June 6, 2023, a warrant was issued for the defendant's arrest for failure to appear at the Summit County Ohio Common Pleas Court. This Court hearing was in relation to a 2019 case for Aggravated Robbery with a gun specification, case number CR2019031020. This warrant remains active. |
| 2. | Violation of Standard Condition No. 2: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed. |
| 3. | Violation of Standard Condition No. 7: If you plan to change where you live or anything about your living arrangements, you must notify the probation officer/court ordered supervising officer at least 10 days before the change. |

Prob12C -2- Petition for Warrant or Summons
for Offender Under Supervision

4. <u>Violation of Standard Condition No. 19: You must follow the instructions of the probation officer related to the conditions of supervision.</u>

The defendant is being supervised by the United States Probation Office in the Southern District of Ohio. The defendant's supervising probation officer attempted to contact the defendant on multiple occasions by telephone; however, the defendant's phone numbers were no longer operable. On June 29, 2023, the defendant was sent a letter directing him to report to the probation office on July 7, 2023, at 9:30 am. The defendant failed to show up for his scheduled office contact on July 7, 2023. On July 12, 2023, a home contact was attempted at the defendant's residence; however, it was unsuccessful. An appointment card was left in the defendant's door directing him to contact the probation office and to report to the probation office on July 14, 2023, at 1:00 pm. The defendant subsequently failed to contact the probation office and did not show up for his scheduled office contact on July 14, 2023, at 1:00 pm. See attached violation memo from the United States Probation Office in the Southern District of Ohio.

<u>U. S. Probation Officer Recommendation</u>: The defendant is currently being supervised in the Southern District of Ohio. Correspondence received from the supervising officer indicates that the defendant has an active arrest warrant and his whereabouts are currently unknown. Based on the information outlined above, it appears that the defendant is either unwilling or unable to comply with his conditions of supervised release. Our office respectfully requests that a warrant be issued, and the defendant be placed before the Court to show good cause as to why his supervision should not be revoked.

The term of supervision should be:

[X] Revoked

[ ] Extended for year(s), for a total term of year(s).

[ ] The conditions of supervision should be modified as follows:
(cond)



Respectfully submitted,

By: *Travis D. Roberts*

Travis Roberts
U. S. Probation Officer
Date: August 16, 2023

Case 2:2400200370-MJA Document 658 *SEALED* Filed 08/23/24 08/16/23 Page 2 of 3 of 12 PageID #: 3283

Prob12C                               -3-                          Petition for Warrant or Summons
                                                                    for Offender Under Supervision

## THE COURT ORDERS

[✓] The Issuance of a Warrant
    [✓] Upon arrest detained and the petition in this matter be unsealed
    [ ] Upon arrest released on (type) bond and the petition in this matter be unsealed
[ ] The Issuance of a Summons
[ ] Other
[ ] No Action. A warrant has previously been requested pursuant to the original petition.

*[signature]*
Signature of Judicial Office

8/14/23
Date

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: CORY DAVONTA SMITH JR.
CASE NUMBER: 1:19CR28

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 3 years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 2:24-cv-00270-MAA Document 1-53 *SEALED* Filed 08/26/23 Page 4 of 12 PageID#: 45
Case: 1:19-cr-00028, Document: 546; Filed: 03-16-2021, Page 3 of 7

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT: CORY DAVONTA SMITH JR.
CASE NUMBER: 1:19CR28

Judgment—Page  4  of  7

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or other designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possess a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: CORY DAVONTA SMITH JR.
CASE NUMBER: 1:19CR28

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a substance abuse treatment program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

3. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

4. If you are ordered by the government to make child support payments or to make payments to support a person caring for a child, you must make the payments and comply with the other terms of the order.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## U.S. Probation Office

**Mark R. Grawe**
Chief U.S. Probation Officer

110 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3980
Phone: 513-564-7575
Fax: 513-564-7587
Reply to: Columbus Office



**August 10, 2023**

Joseph P. Kinneary U.S. Courthouse
85 Marconi Boulevard, Room 546
Columbus, Ohio 43215-2398
Phone: 614-719-3100
Fax: 614-719-3101

702 Federal Building
200 West Second Street
Dayton, Ohio 45402-1411
Phone: 937-512-1450
Fax: 937-512-1453

Mr. Jon Wright
Chief United States Probation Officer
United States Probation Office
Federal Building
217 West King Street, Room 310
Martinsburg, WV 25401

**RE: SMITH JR., COREY DAVONTE**
**DKT. NO.: 1:19CR28**
**NOTICE OF VIOLATION CONDUCT AND REQUEST FOR WARRANT**

Mr. Wright,

On March 12, 2021, Corey Davonte Smith Jr., was sentenced in the Northern District of West Virginia by the Honorable Irene M. Keely, United States District Judge. Mr. Smith entered a guilty plea to Count 16: Aiding and Abetting Distribution of 50 or More Grams of Methamphetamine, in violation of Title 18 U.S.C. §2, and 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(viii), a Class A felony. Mr. Smith was sentenced to a term of imprisonment of fifty-seven (57) months and was placed on a three (3) year term of supervised release.

The special conditions ordered by the Court included: 1) You must participate in a substance abuse treatment program. The probation officer will supervise your participation in the program (provider, location modality, duration, intensity, etc.); 2) You must not use or possess any controlled substances without a valid subscription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription; 3) You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods; 4) If you are ordered by the government to make child support payments or to make payments to support a person caring for a child, you must make the payments and comply with the other terms of the order.

Mr. Smith's supervised release term began in the Southern District of Ohio on January 27, 2023. The purpose of this letter is to advise the Court that Mr. Smith's whereabouts are unknown as of this writing. On June 1, 2023, the undersigned probation officer received a phone call from a Summit County, Ohio prosecutor, who advised Mr. Smith was scheduled to appear for a trial hearing in Summit County Common Pleas Court for an unresolved 2019 case on June 6, 2023, where he was charged on Count 1: Aggravated Robbery with a gun specification (CR2019031020). In response, the undersigned probation officer contacted Mr. Smith by telephone on June 1, 2023, to discuss his upcoming hearing. Mr. Smith advised the undersigned probation officer that he had been in contact with his attorney and reported the hearing may be continued. The undersigned probation officer advised Mr. Smith to keep him abreast of the status of the hearing.

Upon further investigation, Mr. Smith did not appear for the hearing on June 6, 2023, and a bench warrant was subsequently issued. On June 8, 2023, the undersigned probation officer had collateral communication by text message with Mr. Smith and his wife, directing Mr. Smith to consult with his attorney to resolve the warrant. Additionally, on June 8, 2023, the undersigned probation officer received collateral communication by text message from Mr. Smith's attorney who stated Mr. Smith did not intentionally miss Court, and that he is in the process of filing a motion to the Court to have the case continued citing Mr. Smith's medical issues. On June 14, 2023, Mr. Smith's attorney provided the undersigned probation officer a copy of the motion that was filed to the Court. Upon further investigation, the Court rejected the motion to rescind the warrant and it remains active at this time.

The undersigned probation officer attempted to make contact with Mr. Smith on multiple occasions by telephone; however, none of Mr. Smith's telephone numbers were operable. On June 25, 2023, the undersigned probation officer contacted Mr. Smith's wife to advise the warrant remains active and to have Mr. Smith contact the undersigned probation officer on this date. Mr. Smith's wife stated that she would have Mr. Smith contact the undersigned probation officer, and that he and his attorney are continuing to work to the resolve the outstanding warrant. Mr. Smith did not contact the undersigned probation officer as directed.

On June 29, 2023, a letter was sent to Mr. Smith directing him to report to the probation office on July 7, 2023, at 9:30 am; however, he did not report as directed. Subsequently, on July 12, 2023, the undersigned probation officer attempted to make contact with Mr. Smith at his residence; however, no one answered the door. An appointment card was left in Mr. Smith's door directing him to contact the undersigned probation officer, and to report to the probation office on July 14, 2023 at 1:00 pm. Mr. Smith did not contact with the undersigned probation officer, nor did he report to the probation office as directed. The last face to face contact with Mr. Smith was on May 18, 2023.

Based upon the above information, it appears Mr. Smith is not amenable to supervision at this time as his whereabouts are unknown; therefore, it is respectfully recommended a Warrant be issued for his arrest.

Should the Court have questions or need additional information, please contact the supervising probation officer at 614-719-3131.

Respectfully Submitted,                                     Reviewed and Approved,

*Dale Johnson*                                              *Matthew R. Mahler*

Dale Johnson                                                Matthew R. Mahler
U.S. Probation Officer                                      Senior U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant: Cory Davonta Smith Jr.

2. Docket Number (Year-Sequence-Defendant No.): 1:19CR28

3. District/Office: Northern District of West Virginia/Clarksburg

4. Original Sentence Date: March 12, 2021

*(If different than above)*
5. Original District/Office (if different than above):

6. Original Docket Number (Year-Sequence-Defendant No.):

7. List each violation and determine the applicable grade (see § 7B1.1):

| Violation(s) | Grade |
|---|---|
| • New misdemeanor charge for failure to appear | C |
| • Failure to report as directed | C |
| • Change of living arrangements without prior notice | C |
| • Failure to follow instructions of probation officer | C |

8. Most Serious Grade of Violation (see § 7B1.1(b)): **C**

9. Criminal History Category (see § 7B1.4(b)): **I**

10. Range of Imprisonment (see § 7B1.4(a)): **3-9 months**

11. Sentencing Options for Grade B and C Violations Only (check the appropriate box):

X (a) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, § 7B1.3(c)(1) provides sentencing options to imprisonment.

(b) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, § 7B1.3(c)(2) provides sentencing options to imprisonment.

(c) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12. Unsatisfied Conditions of Original Sentence:

*List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed, in connection with the sentence for which revocation is ordered, that remains unpaid or not served at the time of revocation (see § 7B1.3[d]):*

Defendant: Cory Davonta Smith Jr.

| Restitution($): | NA | Community Confinement: | NA |
|---|---|---|---|
| Fine($): | NA | Home Detention: | NA |
| Other: | NA | Intermittent Confinement: | NA |

13.  Supervised Release:

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§ 5D1.1-1.3 (see § 7B1.3(g)(1)).

    Term:   NA

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. § 3583(e) and § 7B1.3(g)(2).

    Pursuant to 18 U.S.C. § 3624(e), multiple terms of supervised release are to run concurrently.

    Period of supervised release to be served following release from imprisonment:

    36 months

14. Departure:

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

NOTE: The maximum term of imprisonment imposable upon revocation of Supervised Release for a Class A Felony is 60 months, pursuant to 18 U.S.C. § 3583(e)(3).

Case 1:24-cv-00231-KJM Document 153 Filed 05/23/24 Page 12 of 12 PageID #: 3293